## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | **Case No.  4:23-cv-199** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Three Drops of Life, LLC d/b/a Oezzo,** | (1)   **– (7) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271** |
| **Defendant.** | (8)   **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (9)   **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (10) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | **AND DEMAND FOR A JURY TRIAL.** |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, YETI Coolers, LLC ("YETI"), for its Complaint against Three Drops of Life, LLC d/b/a Oezzo ("Oezzo"), alleges as follows:

### The Parties

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.     On information and belief, Three Drops of Life, LLC d/b/a Oezzo is a company organized and existing under the laws of the State of Texas with a place of business at 6400 Sorrento Lane, Lewisville, TX 75077.

### Jurisdiction and Venue

3.     This is an action for patent infringement, trade dress infringement, trade dress dilution, and unfair competition and false designation of origin. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*, and the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act").

4.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C.  1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b).

5.     This Court has personal jurisdiction over Oezzo because, *inter alia*, Oezzo is a company organized and existing under the laws of the State of Texas. This Court also has personal jurisdiction over Oezzo because, *inter alia*, Oezzo is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District. Among other things, Oezzo resides in this District, Oezzo has a regular and established place of business in this District, Oezzo has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell,

distribute, manufacture, and/or import infringing products to customers and/or potential customers, including in this District, and Oezzo's unlawful acts that give rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

<u>**General Allegations – YETI's Intellectual Property**</u>

7.      For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its: (1) Boomer™ Dog Bowls and (2) Rambler® drinkware, including its Rambler® Mugs, 20 oz. Rambler® Tumblers, and 30 oz. Rambler® Tumblers. YETI has invested substantial resources into the research, design, and development of these products. YETI's research, design, and development have led to many innovative product designs and technologies, including designs and technologies at issue in this lawsuit.

8.      For example, YETI owns U.S. Design Patent No. D909,819 ("the '819 Patent"), U.S. Design Patent No. D933,427 ("the '427 Patent"), and U.S. Design Patent No. D933,428 ("the '428 Patent), all related to bowls. YETI also owns U.S. Design Patent No. D882,343 ("the '343 Patent") and U.S. Design Patent No. D899,862 ("the '862 Patent"), both related to cups.  YETI also owns U.S. Design Patent No. D909,818 ("the '818 Patent") and U.S. Design Patent No. D911,779 ("the '779 Patent"), both related to mugs.

9.      The '819 Patent is titled "Bowl." On February 9, 2021, the '819 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '819 Patent. A copy of the '819 Patent is attached as Exhibit 1. An exemplary figure from the '819 Patent is shown in Illustration 1 below:



**Illustration 1: Exemplary Figure from the '819 Patent**

10.    The '427 Patent is titled "Bowl." On October 19, 2021, the '427 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '427 Patent. A copy of the '427 Patent is attached as Exhibit 2. An exemplary figure from the '427 Patent is shown in Illustration 2 below:



**Illustration 2: Exemplary Figure from the '427 Patent**

11.    The '428 Patent is titled "Bowl." On October 19, 2021, the '428 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '428 Patent. A copy of the '428 Patent is attached as Exhibit 3. An exemplary figure from the '428 Patent is shown in Illustration 3 below:



**Illustration 3: Exemplary Figure from the '428 Patent**

12.     The '343 Patent is titled "Cup." On April 28, 2020, the '343 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '343 Patent. A copy of the '343 Patent is attached as Exhibit 4. An exemplary figure from the '343 Patent is shown in Illustration 4 below:



**Illustration 4: Exemplary Figure from the '343 Patent**

13.     The '862 Patent is titled "Cup." On October 27, 2020, the '862 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '862 Patent. A copy of the '862 Patent is attached as Exhibit 5. An exemplary figure from the '862 Patent is shown in Illustration 5 below:



**Illustration 5: Exemplary Figure from the '862 Patent**

14.     The '818 Patent is titled "Mug." On February 9, 2021, the '818 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '818 Patent. A copy of the '818 Patent is attached as Exhibit 6. An exemplary figure from the '818 Patent is shown in Illustration 6 below:



**Illustration 6: Exemplary Figure from the '818 Patent**

15.    The '779 Patent is titled "Mug." On March 2, 2021, the '779 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '779 Patent. A copy of the '779 Patent is attached as Exhibit 7. An exemplary figure from the '779 Patent is shown in Illustration 7 below:



**Illustration 7: Exemplary Figure from the '779 Patent**

16.    YETI created unique, distinctive, and non-functional designs to use with YETI's Boomer™ Dog Bowls and Rambler® drinkware. YETI has extensively and continuously promoted and used these designs for years in the United States, including in the State of Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's Boomer™ Dog Bowls and Rambler® drinkware. YETI's designs have also acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its Boomer™ Dog Bowls and Rambler® drinkware designs.

7

17.    YETI has enjoyed significant sales of its Boomer™ Dog Bowls and Rambler® drinkware throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Boomer™ Dog Bowls and Rambler® drinkware. The design and features of YETI's Boomer™ Dog Bowls and Rambler® drinkware have received widespread and unsolicited public attention. For example, YETI's Boomer™ Dog Bowls and Rambler® drinkware have been featured in numerous newspaper, magazine, and Internet articles.

18.    The designs of the Boomer™ Dog Bowls and Rambler® drinkware have distinctive and non-functional features that identify to consumers that the origin of the Boomer™ Dog Bowls and Rambler® drinkware is YETI. As a result of at least YETI's continuous and exclusive use of the designs of the Boomer™ Dog Bowls and Rambler® drinkware, YETI's marketing, advertising, and sales of its Boomer™ Dog Bowls and Rambler® drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the design and appearance of its Boomer™ Dog Bowls and Rambler® drinkware, which consumers have come to uniquely associate with YETI.

19.    Exemplary images of YETI Boomer™ Dog Bowls are shown below:



| Illustration 8: Exemplary Images of YETI Boomer™ Dog Bowls |
|:---:|
| YETI Boomer™ 4 Dog Bowl |
| YETI Boomer™ 8 Dog Bowl |

20.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Boomer™ Dog Bowls, which includes the design and appearance of the curves in the YETI Boomer™ Dog Bowls; the design and appearance of the profile of the YETI Boomer™ Dog Bowls; the design and appearance of the walls of the YETI Boomer™ Dog Bowls; the design and appearance of the rim of the YETI Boomer™ Dog Bowls; the design, appearance, and placement of the base of the YETI Boomer™ Dog Bowls; the color contrast and the color combinations of

the YETI Boomer™ Dog Bowls; and the relationship of these features to each other and to other features.

21.    Exemplary images of YETI Rambler® Mugs are shown below:



**Illustration 9: Exemplary Images of YETI Rambler® Mugs**

YETI 14 oz. Rambler® Mug

YETI 24 oz. Rambler® Mug

22.    YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Mugs, which includes the design and appearance of the curves in the YETI Rambler® Mugs; the design and appearance of the profile of the YETI Rambler® Mugs; the design and appearance of the walls of the YETI Rambler® Mugs; the design and appearance of the rim of the

YETI Rambler® Mugs; the design, appearance, and placement of the handle of the YETI Rambler® Mugs; the design, appearance, and placement of the tab on the lid of the YETI Rambler® Mugs; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler® Mugs; the design, appearance, and placement of the top plane of the lid of the YETI Rambler® Mugs; the design, appearance, and placement of the side walls of the lid of the YETI Rambler® Mugs; the color contrast and the color combinations of the YETI Rambler® Mugs and the lid of the YETI Rambler® Mugs; and the relationship of these features to each other and to other features.

23.     Exemplary images of YETI 20 oz. Rambler® Tumblers are shown below:

**Illustration 10: Exemplary Images of YETI 20 oz. Rambler® Tumblers**



24.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI

20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler®

Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design,

appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler;

the design, appearance, and placement of the style line around the base of the YETI 20 oz.

Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20

oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid

of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of

the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side

walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations

of the YETI 20 oz. Rambler® Tumbler and tumbler lid of the YETI 20 oz. Rambler® Tumbler;

and the relationship of these features to each other and to other features.

    25. Exemplary images of YETI 30 oz. Rambler® Tumblers are shown below:

**Illustration 11: Exemplary Images of YETI 30 oz. Rambler® Tumblers**



26.     YETI has trade dress rights in the overall look, design, and appearance of the YETI

30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and

lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI

30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler®

Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design,

appearance, and placement of the taper in the sidewall of the YETI 30 oz. Rambler® Tumbler; the

design, appearance, and placement of the upper portion, mid portion, and bottom portion of the

side wall of the YETI 30 oz. Rambler® tumbler; the design, appearance, and placement of the

style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and

placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance,

and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the

design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler®

Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

27.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Boomer™ Dog Bowls and Rambler® drinkware bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

## General Allegations – Oezzo's Unlawful Activities

28.     Oezzo has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to purposefully advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including YETI's patent and trade dress rights. Oezzo's infringing products are confusingly similar imitations of YETI's products. Oezzo's actions have all been without the authorization of YETI.

29.     As discussed in more detail below, Oezzo is selling dog bowls and drinkware products that infringe YETI's patent rights. Oezzo is not authorized to use YETI's patented technologies. Oezzo is also selling dog bowls and drinkware products that infringe YETI's trade dress rights. Oezzo is trying to confuse consumers into thinking that its dog bowls and drinkware products are associated with, sponsored by, or approved by YETI, when they are not. Oezzo is also diluting YETI's trade dress. Oezzo's actions are unlawful, and they must stop. Oezzo must also compensate YETI for Oezzo's violations of the law.

30.     Oezzo's infringing products include its 32 oz. and 64 oz. Dog Bowls, two different styles of 12 oz. Mugs, two different styles of 15 oz. Mugs, 24 oz. Mugs, 32 oz. Mugs, 20 oz. Tumblers, and 30 oz. Tumblers (collectively, "Infringing Products").  Oezzo's Infringing Products are shown on Oezzo's principal website, https://www.oezzo.com, and exemplary images of Oezzo's Infringing Products are also shown below:

**Illustration 12: Exemplary Images of Oezzo's Dog Bowls**



32 oz. Dog Bowl



64 oz. Dog Bowl

**Illustration 13: Exemplary Images of Oezzo's Mugs**



Two Different Styles of 12 oz. Mugs



Two Different Styles of 15 oz. Mugs



24 oz. Mug

32 oz. Mug

**Illustration 14: Exemplary Image of Oezzo's 20 oz. Tumbler**



**Illustration 15: Exemplary Image of Oezzo's 30 oz. Tumbler**



31.     As a result of Oezzo's activities related to its Infringing Products, there is a likelihood of confusion between Oezzo and its products on the one hand, and YETI and its products on the other hand.  Oezzo's activities related to its Infringing Products have also diluted and created a likelihood of dilution of YETI's trade dress.

18

32.     YETI used its trade dress extensively and continuously before Oezzo began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its Infringing Products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States, including in the State of Texas, before Oezzo commenced its unlawful use of YETI's trade dress.

**Count I:**
**Patent Infringement of U.S. Design Patent No. D909,819 Under 35 U.S.C. § 271**

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Oezzo has infringed and continues to infringe the '819 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's 32 oz. and 64 oz. Dog Bowls, which are covered by the claim of the '819 Patent.

35.     Oezzo's 32 oz. and 64 oz. Dog Bowls infringe the '819 Patent because the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls are substantially the same as the overall appearance of the design of the '819 Patent, and an ordinary observer would perceive the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls to be substantially the same as the overall appearance of the design of the '819 Patent.

36.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

37.     On information and belief, Oezzo's infringement of the '819 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's 32 oz. and 64 oz. Dog Bowls to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

38.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

39.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

40.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II:**
**Patent Infringement of U.S. Design Patent No. D933,427 Under 35 U.S.C. § 271**

41.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

42.     Oezzo has infringed and continues to infringe the '427 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's 32 oz. and 64 oz. Dog Bowls, which are covered by the claim of the '427 Patent.

43.     Oezzo's 32 oz. and 64 oz. Dog Bowls infringe the '427 Patent because the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls are substantially the same as the overall appearance of the design of the '427 Patent, and an ordinary observer would perceive the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls to be substantially the same as the overall appearance of the design of the '427 Patent.

44.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

45.     On information and belief, Oezzo's infringement of the '427 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge

of YETI, YETI products, and YETI's rights, the similarity of Oezzo's 32 oz. and 64 oz. Dog Bowls to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

46.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

47.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

48.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Design Patent No. D933,428 Under 35 U.S.C. § 271**

49.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

50.     Oezzo has infringed and continues to infringe the '428 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's 32 oz. and 64 oz. Dog Bowls, which are covered by the claim of the '428 Patent.

51.     Oezzo's 32 oz. and 64 oz. Dog Bowls infringe the '428 Patent because the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls are substantially the same as the overall appearance of the design of the '428 Patent, and an ordinary observer would perceive the overall appearances of Oezzo's 32 oz. and 64 oz. Dog Bowls to be substantially the same as the overall appearance of the design of the '428 Patent.

52.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

21

53.     On information and belief, Oezzo's infringement of the '428 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's 32 oz. and 64 oz. Dog Bowls to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

54.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

55.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

56.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Design Patent No. D882,343 Under 35 U.S.C. § 271**

57.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

58.     Oezzo has infringed and continues to infringe the '343 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs, which are covered by the claim of the '343 Patent.

59.     Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs infringe the '343 Patent because the overall appearances of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs are substantially the same as the overall appearance of the design of the '343 Patent, and an ordinary observer would perceive the overall appearances

22

of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs to be substantially the same as the overall appearance of the design of the '343 Patent.

60.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

61.     On information and belief, Oezzo's infringement of the '343 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

62.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

63.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

64.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Design Patent No. D899,862 Under 35 U.S.C. § 271**

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

66.     Oezzo has infringed and continues to infringe the '862 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's two different

styles of 12 oz. Mugs and two different styles of 15 oz. Mugs, which are covered by the claim of the '862 Patent.

67.     Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs infringe the '862 Patent because the overall appearances of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs are substantially the same as the overall appearance of the design of the '862 Patent, and an ordinary observer would perceive the overall appearances of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs to be substantially the same as the overall appearance of the design of the '862 Patent.

68.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

69.     On information and belief, Oezzo's infringement of the '862 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's two different styles of 12 oz. Mugs and two different styles of 15 oz. Mugs to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

70.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

71.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

72.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**
**Patent Infringement of U.S. Design Patent No. D909,818 Under 35 U.S.C. § 271**

73.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

74.     Oezzo has infringed and continues to infringe the '818 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's 24 oz. Mug and 32 oz. Mug, which are covered by the claim of the '818 Patent.

75.     Oezzo's 24 oz. Mugs and 32 oz. Mugs infringe the '818 Patent because the overall appearances of Oezzo's 24 oz. Mugs and 32 oz. Mugs are substantially the same as the overall appearance of the design of the '818 Patent, and an ordinary observer would perceive the overall appearances of Oezzo's 24 oz. Mugs and 32 oz. Mugs to be substantially the same as the overall appearance of the design of the '818 Patent.

76.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

77.     On information and belief, Oezzo's infringement of the '818 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's 24 oz. Mugs and 32 oz. Mugs to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

78.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

79.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

80.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Design Patent No. D911,779 Under 35 U.S.C. § 271**

81.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

82.     Oezzo has infringed and continues to infringe the '779 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Oezzo's 24 oz. Mugs and 32 oz. Mugs, which are covered by the claim of the '779 Patent.

83.     Oezzo's 24 oz. Mugs and 32 oz. Mugs infringe the '779 Patent because the overall appearances of Oezzo's 24 oz. Mugs and 32 oz. Mugs are substantially the same as the overall appearance of the design of the '779 Patent, and an ordinary observer would perceive the overall appearance of Oezzo's 24 oz. Mugs and 32 oz. Mugs to be substantially the same as the overall appearance of the design of the '779 Patent.

84.     Oezzo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

85.     On information and belief, Oezzo's infringement of the '779 Patent has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's 24 oz. Mugs and 32 oz. Mugs to YETI's patented design, and Oezzo's continuing disregard for YETI's rights.

86.     On information and belief, this is an exceptional case in view of Oezzo's unlawful activities, including Oezzo's intentional, willful, and malicious infringement.

87.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

88.     Oezzo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

89.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

90.     Oezzo's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress. Oezzo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Oezzo with YETI and as to the origin, sponsorship, and/or approval of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

91.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Oezzo commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

27

92.     Oezzo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

93.     On information and belief, Oezzo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's Infringing Products to YETI's trade dress, and Oezzo's continuing disregard for YETI's rights.

94.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Oezzo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IX:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

95.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

96.     Based on the activities described above, including, for example, Oezzo's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the Infringing Products, Oezzo is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Oezzo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress

28

with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

97.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Oezzo commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

98.     Oezzo's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

99.     On information and belief, Oezzo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's Infringing Products to YETI's trade dress, and Oezzo's continuing disregard for YETI's rights.

100.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Oezzo's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count X:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

101.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

102.    Oezzo's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Oezzo has obtained an unfair advantage as compared to YETI through Oezzo's use of YETI's trade dress, and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Oezzo's Infringing Products, at least by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

103.    YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Oezzo commenced its unlawful use of YETI's trade dress in connection with the Infringing Products.

30

104.   Oezzo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

105.   On information and belief, Oezzo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Oezzo's bad faith is evidenced at least by Oezzo's knowledge of YETI, YETI products, and YETI's rights, the similarity of Oezzo's Infringing Products to YETI's trade dress, and Oezzo's continuing disregard for YETI's rights.

106.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Oezzo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff YETI respectfully prays for:

1.   Judgment that Oezzo has (i) infringed the '819 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '427 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '428 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '343 Patent in violation of § 271 of Title 35 of the United States Code; (v) infringed the '862 Patent in violation of § 271 of Title 35 of the United States Code; (vi) infringed the '818 Patent in violation of § 271 of Title 35 of the United States Code; (vii) infringed the '779 Patent in violation of § 271 of Title 35 of the United States Code; (viii) infringed YETI's

trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ix) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (x) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code, and that all of these wrongful activities by Oezzo were willful;

2.      An injunction against further infringement of YETI's patents, further infringement and dilution of YETI's trade dress, and further acts of unfair competition by Oezzo, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283 and 15 U.S.C. § 1116;

3.      An Order directing Oezzo to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.      An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Oezzo's possession or control, (iii) all plates, molds, and other means of making the Infringing Products in Oezzo's possession, custody, or control, and (iv) all advertising materials related to the Infringing Products in Oezzo's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Oezzo to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.      An Order barring importation of the Infringing Products and/or colorable imitations thereof in the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of damages adequate to compensate YETI for Oezzo's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Oezzo's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285;

8.      An award of Oezzo's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117; and

9.      Such other and further relief as this Court deems just and proper.


Dated: March 10, 2023                          Respectfully submitted,


                                               By: */s/ John M. Jackson*
                                               John M. Jackson
                                               Texas State Bar No. 24002340
                                               jjackson@jw.com
                                               Jackson Walker LLP
                                               2323 Ross Ave., Suite 600
                                               Dallas, TX 75201
                                               Telephone: (214) 953-6000
                                               Facsimile: (214) 953-6645

                                               Joseph J. Berghammer (*pro hac vice* forthcoming)
                                               Illinois Bar No. 6273690
                                               jberghammer@bannerwitcoff.com
                                               Michael L. Krashin (*pro hac vice* forthcoming)
                                               Illinois Bar No. 6286637
                                               mkrashin@bannerwitcoff.com
                                               Alexander J. Bruening (*pro hac vice* forthcoming)
                                               Illinois Bar No. 6335629
                                               abruening@bannerwitcoff.com
                                               Banner & Witcoff, Ltd.
                                               71 South Wacker Drive, Suite 3600
                                               Chicago, IL 60606
                                               Telephone: (312) 463-5000
                                               Facsimile: (312) 463-5001

                                               **ATTORNEYS FOR YETI COOLERS, LLC**

33